IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3122-FL

| | |
|---|---|
| MICHAEL A. WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARSHAL GRIFFIN; OFFICER FOX; )<br>OFFICER GRAY; OFFICER )<br>ALPERSTEIN; OFFICER ANDERSON; )<br>OFFICER CLARKE;[1] JOSEPH M. )<br>LIGHTSEY; MADONNA GOODWIN;[2] )<br>and STEVE DOLINSKI, )<br>)<br>Defendants. ) | ORDER |

The matter comes before the court on plaintiff's motions to compel (DE # 45, 49), motion for a jury trial (DE # 77), motion for an examination by an outside physician (DE # 83), motion in limine (DE # 100), motion to appoint counsel (DE # 101), motion to amend (DE # 105), and "federal motion for amercement"[3] (DE # 102). Defendants Officer Alperstein ("Alperstein"), Officer Anderson ("Anderson"), Officer Clarke ("Clarke"), Steve Dolinski ("Dolinski"), Officer Fox ("Fox"), Officer Griffin ("Griffin"), and Officer Gray ("Gray") responded to plaintiff's motion to compel. No defendant responded to plaintiff's remaining motions. Also before the court are the

---

[1] It appears that the correct spelling for the name of the party identified by defendant as Clark is Clarke. The court hereinafter will refer to this party as Clarke.

[2] Plaintiff referred to this defendant as Madonna Godwin. This defendant informed the court that her correct name is Madonna Goodwin. The court will hereinafter refer to this defendant as Madonna Goodwin.

[3] The Supreme Court has described amercements as "the medieval predecessors of fines." United States v. Bajakajian, 524 U.S. 321, 335 (1998).

motion for judgment on the pleadings (DE # 66) pursuant to Federal Rule of Civil Procedure 12(c) filed by defendants Alperstein, Anderson, Clarke, Dolinski, Fox, Gray, and Griffin. Additionally before the court are the respective motions to dismiss (DE # 62 and 92) pursuant to Rule 12(b)(6) filed by defendant Dr. Joseph Lightsey ("Lightsey") and Madonna Goodwin ("Goodwin"). Plaintiff responded to each of the pending dispositive motions. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendants' respective motions to dismiss and for judgment on the pleadings, and dismisses plaintiff's claims without prejudice. The court denies plaintiff's motions.

## STATEMENT OF THE CASE

On July 6, 2010, plaintiff, a state inmate, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff alleged Fox, Gray, Alperstein, Anderson, Clarke, and Griffin used excessive force against him in violation of the Eighth Amendment to the United States Constitution. On October 14, 2010, the court allowed plaintiff to amend his complaint to supplement his allegations and to include a claim against Lightsey, Dolinski, and Goodwin alleging deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution. The court also conducted a frivolity review of plaintiff's complaint and amended complaint, and allowed plaintiff to proceed with his action.

On January 12, 2011, plaintiff filed a second motion to amend to provide additional factual support for his claims, which this court granted. Plaintiff filed a third motion to amend his complaint on March 23, 2011, which this court also granted. Plaintiff subsequently filed two motions to compel discovery.

On April 11, 2011, Lightsey filed a motion to dismiss, arguing that plaintiff failed to state

a claim upon which relief may be granted. Lightsey also argues that plaintiff failed to exhaust his administrative remedies prior to filing this action. Alperstein, Anderson, Clarke, Dolinski, Fox, Gray, and Griffin next filed a motion for judgment on the pleadings, arguing, *inter alia*, that plaintiff failed to exhaust his administrative remedies prior to filing this action. Plaintiff responded to both motions and filed both a motion for a jury trial and motion for an examination by an outside doctor.

On May 3, 2011, Goodwin filed a motion to dismiss, arguing that plaintiff failed to state a claim upon which relief may be granted and that he failed to exhaust his administrative remedies prior to filing this action. Plaintiff responded to Goodwin's motion, and Goodwin filed a reply. Plaintiff subsequently filed a motion in limine, motion to appoint counsel, "federal motion for amercement," and motion to amend.

## DISCUSSION

A.  Motions to Compel

Plaintiff moves this court to compel defendants to respond to his discovery requests. On May 4, 2011, the court entered an order staying discovery in this action pending the resolution of the pending dispositive motions. Accordingly, plaintiff's motions to compel are DENIED as moot.

B.  Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch

3

v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Plaintiff's action is not complex, and he has demonstrated through the detail of his filings that he is capable of proceeding pro se. As such, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

C.   Motion to Amend

Plaintiff requests leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) to add a negligence claim and a claim under to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* Pursuant to Federal Rule of Civil Procedure 15(a), plaintiff must have leave of court to amend his complaint. "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.' " Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff's amended pleading provides only conclusory allegations for his proposed ADA and negligence claims. Although *pro se* litigants are held to less stringent pleading standards than attorneys, the court is not required to "accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). There is a minimum level of factual support required, and plaintiff has not satisfied this burden. White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Moreover, as discussed *infra*, the court dismisses the

4

claims over which it has jurisdiction, and is not required to exercise supplemental jurisdiction over plaintiff's state law negligence claim. 28 U.S.C. § 1367(c)(3); see Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (A district court may decline to exercise supplemental jurisdiction over a claim if the district court dismisses all claims over which it had original jurisdiction.) Finally, the court finds that it would be prejudicial to allow plaintiff to amend his complaint at this point in the proceedings. Based upon the foregoing, the court DENIES plaintiff's motion to amend as futile and prejudicial.

D.  Motion for Judgment on the Pleadings and Motions to Dismiss

   1.  Standard of Review

Griffin, Fox, Gray, Alperstein, Anderson, Clarke, and Dolinski filed a motion for judgment on the pleadings pursuant to Rule 12(c). Rule 12(c) allows a party to move for judgment on the pleadings, "after the pleadings are closed–but early enough not to delay trial. . . ." Fed. R. Civ. P. 12(c). In reviewing a motion for judgment on the pleadings, the court applies "the same standard" as for motions made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). A federal district court considering a motion to dismiss for failure to state a claim must view the allegations of the claim in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Thus, when a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual allegations of the complaint are taken as true, whereas those of the answer are taken as true only to the extent that they have not been denied or do not conflict with

those in the complaint. Pledger v. North Carolina Dep't of Health and Human Services, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998).

Lightsey and Goodwin filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557). Finally, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

2. Analysis

Defendants each raise the affirmative defense that plaintiff failed to exhaust his

administrative remedies prior to filing this action. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The North Carolina Department of Correction ("DOC") has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DOC's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DOC ARP § .0301(a). If informal resolution is unsuccessful, the DOC ARP provides that any inmate in DOC custody may submit a written grievance on Form DC-410. DOC ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the

Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the [Inmate Grievance Examiner] or a modification by the Secretary of Correction shall constitute the final step of the Administrative Remedy Procedure. Id. § .0310(c)(6).

Griffin, Fox, Gray, Alperstein, Anderson, and Clarke assert plaintiff failed to exhaust his administrative remedies for his excessive force claim against them before filing the action. The pleadings reflect that plaintiff filed a grievance complaining about the alleged excessive force incident, grievance number 3100-10-1117, on June 27, 2010. Griffin, Dolinski, Fox, Gray, Alperstein, Anderson, and Clarke Answ.[4] Ex. A. The pleadings further reflects that plaintiff exhausted his administrative remedies for this claim, but that he did not do so until October 8, 2010. Id. Plaintiff filed his complaint in this action asserting this claim on July 6, 2010. Accordingly, plaintiff filed his complaint prior to exhausting his administrative remedies for his claim against Griffin, Fox, Gray, Alperstein, Anderson, and Clarke. Exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal. See Hayes v. Stanley, No. 06-6475, 2006 WL 3147498, at *1 n.1 (4th Cir. Oct. 31, 2006) (per curiam).

Dolinski,[5] Lightsey, and Goodwin likewise raise the affirmative defense that plaintiff failed to exhaust administrative remedies before bringing his action alleging that these defendants acted with deliberate indifference to his medical needs. Plaintiff filed two medical-related grievances,

---

[4] Copies of plaintiff's grievances are attached to defendants' respective answers. Plaintiff does not dispute the authenticity of the grievances. A court may consider grievances attached to a plaintiff's complaint or a defendants' answer in ruling upon a motion to dismiss or motion for judgment on the pleadings where, as here, the materials are integral to the complaint and authentic. See, Philips, 572 F.3d at 180 (finding that in ruling on a Rule 12(b)(6) motion to dismiss, the court may consider documents attached to the motion and the complaint if they are "integral to the complaint and authentic."); Moore v. Beck, No. 5:08-CT-3017-FL, 2010 WL 5140008, *4, aff'd, 441 F. App'x 155 (4th Cir. Aug. 1, 2011); Lefkoe v. Jos. A. Banks Clothiers, No. WMN-06-1892, 2008 WL 7275126, *3-5 (D. Md. May 13, 2008) (citing Horsley v. Felt, 304 F.3d 1125, 1134-35 (11th Cir. 2002)).

[5] Dolinkski states in his answer that he began his employment with the Department of Correction on April 19, 2010. Griffin, Dolinski, Fox, Gray, Alperstein, Anderson, and Clarke Answ. pp. 11-12.

grievances numbers 3100-10-1026 and 3100-10-1358, during the relevant time period. The record reflects that plaintiff did not complete the exhaustion process for grievance number 3100-10-1026, but rather agreed to the step one unit response. Griffin, Dolinski, Fox, Gray, Alperstein, Anderson, and Clarke Answ. Ex. F; see Ridley v. Whitener, No. 5:08cv99-RJC, 2011 WL 3476472, *7-8 (W.D.N.C. Aug. 9, 2011) (finding, *inter alia*, claims unexhausted where the plaintiff agreed with the step one response). As for grievance number 3100-10-1358, the record reflects that plaintiff did not exhaust his administrative remedies for this claim until November 2010, after plaintiff filed this action and after he filed his first amended complaint asserting his claims against Dolinski, Lightsey, and Goodwin. Griffin, Dolinski, Fox, Gray, Alperstein, Anderson, and Clarke Answ. Ex. G and Lightsey Answ. Ex. A.

In response to defendants' motions, plaintiff argues that the court should deem his administrative remedies exhausted because prison officials failed to timely process his grievances. The Eighth, Fifth, and Seventh Circuits deem administrative remedies exhausted when prison officials fail to timely respond to inmate grievances. See Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (citing Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001)); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (citations omitted)); see also, Hill v. Haynes, 380 F. App'x 268, 270 (4th Cir. 2010) ("An administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it.").

In this case, the record reflects that plaintiff's grievance number 3100-10-1117 was accepted by prison officials on June 29, 2010. The step one unit response then occurred, within the fifteen (15) day time limit provided by the DOC ARP, on July 5, 2010. See DOC ARP § .0310(a)(5); Griffin, Dolinski, Fox, Gray, Alperstein, Anderson, and Clarke Answ. Ex. A. Plaintiff then appealed

9

grievance number 3100-10-1117, on July 14, 2010, and the step two response occurred, within the twenty (20) day time limit provided by the DOC ARP, on August 3, 2010. Id. § .0310(b)(3); Griffin, Dolinski, Fox, Gray, Alperstein, Anderson, and Clarke Answ. Ex. A. As for grievance number 3100-10-1358, the record reflects that prison officials accepted the grievance on August 12, 2010. Griffin, Dolinski, Fox, Gray, Alperstein, Anderson, and Clarke Answ. Ex. G. The step one unit response then occurred, within the fifteen (15) day time limit provided by the DOC ARP, on August 24, 2010. See DOC ARP § .0310(a)(5); Griffin, Dolinski, Fox, Gray, Alperstein, Anderson, and Clarke Answ. Ex. G. Plaintiff appealed grievance number 3100-10-1358, on September 2, 2010, and the step two response occurred, within the twenty (20) day time limit provided by the DOC ARP, on September 14, 2010. Id. § .0310(b)(3); Griffin, Dolinski, Fox, Gray, Alperstein, Anderson, and Clarke Answ. Ex. G.

Based upon the foregoing, the record reflects that plaintiff appealed the step one response of grievance number 3100-10-1117 on July 14, 2010, after he filed this action asserting the claim set forth in his grievance. Additionally, plaintiff appealed his timely step one response for grievance 3100-10-1358, on September 2, 2010, the day before filing his amended complaint, on September 3, 2010, asserting the claim set forth in his grievance. Accordingly, on the dates plaintiff filed his complaint and amended complaint, he still was actively pursuing his administrative remedies, and the administrative remedy process could not have been deemed unavailable.[6] Based upon the foregoing, plaintiff failed to properly exhaust his administrative remedies prior to filing this action.

---

[6] Plaintiff generally states that he submitted a grievance to officer McGruder on January 19, 2010, regarding the issues raised in his complaint, but did not receive a response. To the extent plaintiff alleges McGruder prevented him from participating in the ARP, his claim is belied by the pleadings because the grievances attached to the pleadings show the plaintiff was able to submit grievances regarding the issues in this case.

10

## CONCLUSION

For the foregoing reasons, plaintiff's motions to compel (DE # 45 and 49) are DENIED as moot. Plaintiff's motion to appoint counsel (DE # 101) is DENIED and his motion to amend (DE # 105) is DENIED as futile and prejudicial. The motions to dismiss filed by Lightsey and Goodwin (DE # 62 and 92) are GRANTED. Also, the motion for judgment on the pleadings (DE # 66) filed by the remaining defendants is GRANTED. Plaintiff's claims against defendants are DISMISSED without prejudice for failure to exhaust administrative remedies. Because the court dismisses this action without prejudice for plaintiff's failure to exhaust administrative remedies, plaintiff's motion for examination by an outside medical doctor (DE # 83), "federal motion for amercement" (DE # 102), motion in limine (DE # 100), and motion for a jury trial (DE # 77) are DENIED as moot.

SO ORDERED, this the 22nd day of February, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge